**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CLEOPHAS WHITE,<br><br>             Plaintiff,<br><br>vs.<br><br>BRUCE LEE, *et al.*,<br><br>             Defendants. | 2:20-cv-02325-RFB-VCF<br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Cleophas White's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). White's (1) in forma pauperis application is granted; and (2) the complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

White's filings present two questions: (1) whether White may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether White's complaint states a plausible claim for relief.

**I.    Whether White May Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." White's application to proceed *in forma pauperis* includes a declaration under penalty of perjury that he or she[1] is unable to pay the costs of these proceedings. (ECF No. 1). The affidavit states that White receives $843 a month in social security benefits, has $49 in

---

[1] It is unclear from the complaint and the IFP application whether plaintiff is male or female, as Cleophas appears to be a gender neutral name.

savings and has regular monthly expenses totaling $865. It additionally states that plaintiff owns one car (a 1996 Honda Accord) which he or she lives in. White's application to proceed *in forma pauperis* is granted.

**II.     Whether White's Complaint States a Plausible Claim**

      **a. Legal Standard**

Because the Court grants White's application to proceed *in forma pauperis*, it must review White's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the

Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *W. States Wholesale Nat. Gas Antitrust Litig. v. Coral Energy Res., L.P.*, 346 F. Supp. 2d 1143, 1144 (D. Nev. 2004). Federal jurisdiction arising out of a diversity of citizenship "depends on the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 568 (2004).

### b. Plaintiff's Complaint

Cleophas White brings claims against Bruce Lee, a property owner; Joel Martinez, another property owner; the Las Vegas NV Metropolitan Police Department (LVMPD); the Regional Transportation Commission of Southern Nevada (RTC); and the City of Las Vegas, Nevada (ECF No. 1-1 at 2. White brings these claims pursuant to the Fourth Amendment, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and Article 8 of the European Convention on Human Rights (*Id.* at 3). Though the U.S. is not a party to the European Convention on Human Rights, this Court has federal question jurisdiction over this case because plaintiff alleged constitutional rights and RICO violations.

White also alleges that this Court has jurisdiction over this case through diversity jurisdiction. White seeks more than $75,000 in damages. (ECF No. 1-1 at 3, 7). The complaint also alleges that White is a citizen of the State of California and that all defendants are citizens of the State of Nevada (*Id.*). Because White claimed to be a citizen of California at the time of filing this complaint, he or she has alleged diversity jurisdiction as required by 28 USCS §§ 1132.

### i. Joinder of Parties

The majority of the claims in White's complaint revolve around incidents that occurred while White was renting a room in a residence owned by defendant Lee (ECF No. 1-1 at 11–17). All of White's claims against defendant Lee and defendant Martinez are related to issues with the residence. White's claims against the City of Las Vegas and the LVMPD arise out of a no-knock warrant that White says was incorrectly executed on defendant Lee's residence while White was a tenant there (*Id.*). However, White's claims against the RTC appear to be entirely unrelated to the claims against the other defendants (*Id.* at 17–19). The one incident giving rise to these claims occurred while White was boarding an RTC bus and is entirely separate from the other incidents, which all occurred at defendant Lee's residence (*Id.*).

Under the Federal Rules of Civil Procedure, a plaintiff may only join multiple defendants in one case if the claims against each of the defendants arose out of the same transaction or occurrence or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). While White's claims against Lee, Martinez, the LVMPD, and the City of Las Vegas all appear to have arisen from the same series of occurrences happening at defendant Lee's residence, White's claims against the RTC arose from a separate occurrence happening aboard a city bus.  If the complaint is amended, White may only proceed with one of these cases in this action with this case number. White may either amend and bring a case against the RTC ("Case 1") or amend and bring a case against the other defendants arising out of White's time living at defendant Lee's property ("Case 2"). Plaintiff is free to file either Case 1 or Case 2 as a new action (with a new in forma pauperis application), depending on whether he or she decides to pursue Case 1 or Case 2 in the amended complaint in this action.

### ii. White's Claims Against the RTC (Case 1)

#### 1. Assault

White alleges that a bus driver for the RTC assaulted him or her. While White does not name the bus driver as a defendant, construing the complaint liberally, White appears to allege that the RTC is vicariously liable for the actions of the bus driver. An employer is not liable for the intentional acts committed by its employee if the conduct of the employee "(a) Was a truly independent venture of the employee; (b) Was not committed in the course of the very task assigned to the employee; and (c) Was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his employment." NRS 41.745. "To establish a claim of assault, the plaintiff must demonstrate that the defendant (1) intended to cause harmful or offensive physical contact or an imminent apprehension of such a contact, and (2) the victim was put in apprehension of such contact." *Sandoval v. Las Vegas Metro. Police Dep't*, 854 F. Supp. 2d 860, 882 (D. Nev. 2012), *aff'd in part, rev'd in part,* 756 F.3d 1154 (9th Cir. 2014).

White alleges that while riding the bus, the fare box did not register the money he or she put in. After asking the bus driver about this, White states that the bus driver yelled "you're probably putting phony money in the box!" White claims that this caused him or her to "fe[el] assaulted." Construing the complaint liberally, White appears to have alleged that he or she was in imminent apprehension of harmful or offensive bodily contact. However, White has alleged no set of facts to indicate any intent on the part of the bus driver to cause such contact or to put him or her in such apprehension.

If White amends the complaint, he or she must allege both elements. Further, if White amends the complaint and wants to sue the bus driver personally, he or she should name the bus driver as a defendant. In any event, to state a claim against the RTC, White must allege that the driver's conduct was not an independent venture, was committed in the course of her assigned tasks, and was reasonably

foreseeable to properly allege that the RTC is vicariously liable.

### 2. Defamation

White also alleges that the bus driver defamed him or her. As with the claim for assault, White appears to allege that the RTC is vicariously liable for the alleged defamation. "In order to establish a prima facie case of defamation, a plaintiff must prove: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 483–84 (1993).

White's allegation of defamation arises from the same interaction with the bus driver as the assault claim. White alleges that the bus driver "accused [plaintiff] of putting phony, or fake money into the fare box, accused [plaintiff] of being a counterfeiter, in front of a bus full of people." Construing White's complaint liberally, it appears to allege that the driver made a false statement about White publicly to a number of third persons and did so at least plausibly with fault amounting to at least negligence. However, White has not alleged any damages resulting from the bus driver's statements. If White amends the complaint, he or she will need to include such damages. Further, as with the claim of assault, White would need to allege that the driver's allegedly defamatory statement was not an independent venture, was committed in the course of her assigned tasks, and was reasonably foreseeable for the RTC to be considered vicariously liable. As with the assault claim, White could also amend the complaint to name the driver as a defendant.

### iii. Claims Against All Other Defendants (Case 2)

### 1. Section 1983

To state a claim under 42 U.S.C.S. Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution

or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). A municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

To establish liability for a Section 1983 violation, plaintiff must establish that defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. *White v. Roper*, 901 F.2d 1501, 1505-1506 (9th Cir. 1990). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was in a position to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

White alleges that the LVMPD violated his or her Fourth Amendment rights by negligently performing a no-knock raid on the wrong house. White also alleges racial discrimination by the RTC. White does not, however, name any individual officers of the LVMPD nor employees of the RTC. White further alleges that the City of Las Vegas is responsible for the actions of both the RTC and the LVMPD under a respondeat superior theory of liability. However, White has not alleged any facts that

the LVMPD, the RTC, or the City of Las Vegas has a policy or custom that is the moving force behind the alleged constitutional violations. Therefore, this Court must dismiss all claims against the LVMPD and the City of Las Vegas, as well as the racial discrimination claim against the RTC. If White files an amended complaint, he or she must address these issues.

### 2. RICO Claims

To state a federal RICO claim under 18 U.S.C. §§ 1964(c) and 1962(c) the plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). "Racketeering activity" is any act, or "predicate act," indictable under several provisions of Title 18 of the United States Code. See 18 U.S.C. § 1961. Civil RICO violations are defined under 18 U.S.C. § 1962, while "RICO standing" is defined under 18 U.S.C. § 1964(c). To allege civil RICO standing under 18 U.S.C. § 1964(c), a "plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation." *Canyon County v. Syngenta Seeds, Inc*., 519 F.3d 969, 972 (9th Cir. 2008).

White alleges that defendants Lee and Martinez are running a "scheme" whereby they "capped the gas pipes" of the residence where White was a tenant, thus "defrauding" the City of Las Vegas and violating NRS 118A.290. White has not plausibly alleged any set of facts that show that the defendants Lee and Martinez were involved in an "enterprise." Nor has White alleged injury to his or her own property or business. White will need to address these issues if he or she chooses to amend the complaint.

### 3. False Advertising

"To come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked

8

into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014). White alleges that the defendant Bruce Lee enticed him or her to move from California to Nevada with the promise of housing that did not turn out to be what Lee had described. However, White has not alleged any commercial injury from this. White is therefore not within the zone of interests required to bring a false advertising claim under the Lanham Act.

### 4. Constructive Eviction

"Constructive eviction requires that the landlord have notice of and a reasonable opportunity to cure the defect. We have required a party alleging constructive eviction to prove three elements. First, the landlord must either act or fail to act . . . Second, the landlord's action or inaction must render "the whole or a substantial part of the premises ... unfit for occupancy for the purpose for which it was leased." . . . Third, the tenant must actually vacate the premises within a reasonable time." *Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev. 834, 838 (2014) (citations omitted). White has not alleged that he or she ever gave the landlord, defendant Bruce Lee, notice of the property's defects or a reasonable opportunity to cure them. If White amends the complaint, he or she must address these issues.

### 5. Breach of Covenant of Quiet Enjoyment

White alleges that defendants Lee and Martinez violated "Health and Safety Code 46000 (peaceful quiet enjoyment)." This appears to be a California code relating to noise disturbance. While the City of Las Vegas does have a noise ordinance, there is no private right of action for its violation; rather, violation may result in a criminal misdemeanor charge. Las Vegas, Nev., Code § 9.16 (2020). However, construing the complaint liberally, White appears to allege a cause of action for breach of the covenant of quiet enjoyment. To bring a claim for breach of the covenant of quiet enjoyment, a tenant

must show constructive eviction. *Winchell v. Schiff*, 124 Nev. 938, 947 (2008). As discussed above, White has not adequately pled constructive eviction. If White amends the complaint such that it alleges all the elements of constructive eviction, White may be able to allege a plausible claim for breach of the covenant of quiet enjoyment.

Accordingly,

IT IS HEREBY ORDERED that Cleophas White's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Cleophas White's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Cleophas White has until March 25, 2021 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 23rd day of February 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE