**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CLEOPHAS WHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>BRUCE LEE, *et al.*,<br><br>        Defendants. | 2:20-cv-02325-RFB-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>**And**<br><br>**ORDER**<br><br>AMENDED COMPLAINT (ECF NO. 16); APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 17) |

Pro se plaintiff Cleophas White filed a new application to proceed in forma pauperis (IFP) and an amended complaint. ECF Nos. 16 and 17. I already granted White's first IFP application (ECF No. 3), so I deny his new IFP application as moot. ECF No. 17. I recommend that White's amended complaint be dismissed. ECF No. 16.

**I.   Background**

I dismissed White's first complaint for failure to state a claim with leave to amend. ECF No. 3. Judge Boulware (and the Ninth Circuit) denied plaintiff's motions regarding the screening order. ECF Nos. 12 and 15. Judge Boulware allowed plaintiff to file an amended complaint that complied with my screening order. ECF No. 15.

1

## II. Whether the Amended Complaint States a Plausible Claim

### a. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### b. Plaintiff's Amended Complaint

In the amended complaint, Cleophas White brings claims against Bruce Lee, a property owner; Joel Martinez, another property owner; the Las Vegas NV Metropolitan Police Department (LVMPD); and the City of Las Vegas, Nevada. ECF No. 16 at 2. White brings claims for (1) violation of the Fourth Amendment, (2) fraud, and (3) breach of contract. *Id.* at 3 and 16. White allegedly rented a room in Las

Vegas from property owner Lee. ECF No. 16 at 7. White alleges defendant Martinez later introduced himself to the plaintiff as the new owner of the property. *Id.* Plaintiff alleges that he had multiple problems with the residence. *Id.* White also alleges that the City of Las Vegas and the LVMPD incorrectly executed a no-knock warrant on the residence while White lived there.

### 1. Section 1983

To state a claim under 42 U.S.C.S. Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). A municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

To establish liability for a Section 1983 violation, plaintiff must establish that defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. *White v. Roper*, 901 F.2d 1501, 1505-1506 (9th Cir. 1990). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant

was in a position to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

White alleges that the LVMPD violated his or her Fourth Amendment rights by performing a no-knock raid on the wrong house. White does not name any individual officers of the LVMPD. White further alleges that the City of Las Vegas is responsible for the actions of the LVMPD. White has still not alleged any facts that the LVMPD or the City of Las Vegas has a policy or custom that is the moving force behind the alleged constitutional violations in his amended complaint. I recommend that this claim be dismissed.

## 2. Fraud

In Nevada, to state a cause of action for fraud, a plaintiff must establish: (1) that the defendant made a false representation of material fact which he knew to be false; (2) that the defendant intended the plaintiff to rely on that statement; (3) that the plaintiff relied on that misrepresentation to his detriment; and (4) damages resulting from the misrepresentation. *Chen v. Nevada State Gaming Control Board*, 116 Nev. 282, 994 P.2d 1151, 1152 (Nev. 2000).

Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." "This means the plaintiff must allege the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co*., 848 F.3d 1161, 1180 (9th Cir. 2016) (cleaned up). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1180 (quotation omitted).

White alleges that the defendant Bruce Lee enticed him to move from California to Nevada with the promise of housing that did not turn out to be what Lee had described. Plaintiff has not met the

4

specific pleading requirements for fraud per Rule 9. Plaintiff does not plead that the defendant intended to deceive him. Plaintiff also does not specify how long he lived at the property and what damages he suffered. Plaintiff alleges that Bruce Lee and Joel Martinez caused him to suffer $400,000 in damages, but he does not specify what monetary damages he suffered because of Lee's alleged fraud.[1] It is also not clear if plaintiff alleges that Martinez also committed fraud. Plaintiff has not stated a plausible claim and I recommend that this claim be dismissed.

### 3. Breach of Contract

"Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865).

White alleges that the property owner breached both verbal and written contracts because the defendant had a clause that promised "peaceful quite enjoyment." ECF No. 16 at 11. Plaintiff alleges that the defendants breached the contract because, "[t]here were always people knocking on my window, on the front door asking if they had any mail." *Id.* at 16. He also alleges that he heard yelling outside and that when he opened the door, "Defendant Bruce Lee was standing there bleeding…He was pointing at a man. Bruce was yelling "he hit me in the mouth with that shovel." *Id.* at 10. Plaintiff also incorporated what he states was his rental agreement into the complaint. *Id.* at 11. He alleges that the quiet enjoyment clause is at "paragraph 10." *Id.* Paragraph 10 says, "[i]f any tenant disturbs, bothers, creates problem

---

[1] Since I find that plaintiff has not stated a federal claim, then diversity jurisdiction applies. White alleges is a citizen of the State of California and that all defendants are citizens of the State of Nevada. He also alleges more than $75,000 in damages for diversity jurisdiction per 28 USCS §§ 1132. If White's federal claim does not survive, however, I doubt that he will be able to show that he has suffered more than $75,000 in damages related to the room he rented for the remaining state claims. I do not address this issue here, however, since I find that he has not stated any plausible state law claims.

(sic) in the house, then it is not acceptable."

Based on plaintiff's allegations, the plaintiff has not shown that the property owners breached the contract or caused damage. The clause plaintiff points to applies to actions by <u>the tenant</u>. The plaintiff also has not plausibly shown how strangers "knocking on the window" violates that clause. The fact that defendant Lee yelled when he was injured by a third party is a natural human reaction: this is not a plausible claim for breach of a clause that protected plaintiff's quiet enjoyment.

In the alternative, White appears to also reassert his original allegations that defendants Lee and Martinez breached the contract by violating "Health and Safety Code 46000 (peaceful quiet enjoyment)." ECF No. 16 at 10. This appears to be a California code relating to noise disturbance. The City of Las Vegas has a noise ordinance, but there is no private right of action for its violation; rather, violation may result in a criminal misdemeanor charge. Las Vegas, Nev., Code § 9.16 (2020). Construing the complaint liberally, even if White alleges that the breach of contract somehow resulted in a breach of the covenant of quiet enjoyment, he does not have a private right of action to pursue this claim. I recommend that plaintiff's complaint be dismissed.

Accordingly,

I ORDER that White's new IFP application (ECF No. 17) be DENIED AS MOOT.

I RECOMMEND that this case be DISMISSED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 2nd day of February 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE