UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLEOPHAS WHITE,<br><br>        Plaintiff,<br><br>   v.<br><br>BRUCE LEE, et al.,<br><br>        Defendants. | Case No. 2:20-cv-02325-RFB-VCF<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court for consideration is the following: pro se Plaintiff Cleophas White's Motion to Recuse Judge Richard F. Boulware, II (ECF No. 23) and the Report and Recommendation (ECF No. 19) of the Honorable Judge Cam Ferenbach, United States Magistrate Judge, recommending that Plaintiff's amended complaint (ECF No. 16) be dismissed.

For the foregoing reasons, Plaintiff's Motion to Recuse is denied and the Magistrate Judge's Report and Recommendation is accepted and adopted in full.

### II.   PROCEDURAL BACKGROUND

On December 7, 2020, Plaintiff filed an application to proceed in forma pauperis, attaching his complaint. ECF No. 1. On February 23, 2021, the Magistrate Judge granted Plaintiff's motion to proceed in forma pauperis but screened and dismissed Plaintiff's complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 3. Plaintiff appealed the Magistrate Judge's February 23, 2021 Order with the Ninth Circuit. ECF Nos. 6. The Ninth Circuit denied the appeal. See ECF No. 9. Plaintiff also filed two motions for reconsideration of the Magistrate Judge's February 23, 2021 Order, ECF Nos. 5, 13, which the Court denied on

November 3, 2021, ECF No. 15. The Court nevertheless allowed Plaintiff to file an amended complaint that complied with the Magistrate Judge's screening order. Id. Plaintiff filed an amended complaint ("FAC") on December 3, 2021, ECF No. 16, and filed another application to proceed in forma pauperis, ECF No. 17.

On February 2, 2022, the Magistrate Judge denied Plaintiff's application to proceed in forma pauperis and filed a Report and Recommendation. ECF No. 19. Objections were due on February 16, 2022. Id. The Court granted Plaintiff's Motion to Extend Time to object to the Report and Recommendation, providing Plaintiff until March 2, 2022. ECF No. 21. Plaintiff filed the Objection on March 7, 2022. ECF No. 22.[1]

On May 11, 2022, Plaintiff filed a Motion to Recuse the undersigned and the Magistrate Judge. ECF No. 23. On September 12, 2022, Plaintiff filed what appear to be two complaints filed with "Nevada Commission on Judicial Discipline" against the undersigned and the Magistrate Judge. ECF Nos. 25, 26.

This Order follows.

### III. MOTION FOR RECUSAL

Plaintiff seeks recusal of the Court and the assigned magistrate judge, Judge Ferenbach. Plaintiff contends that the judges assigned to this case are guilty of: falsifying the court record, attempting to cover up the falsification of these records and the amended complaint, ordering the Clerk of the Court to assist them in falsifying the court record, engaging in and trying to cover up illegal ex parte communication, being biased and prejudice against Plaintiff in favor of Defendants, engaging in unethical behavior against Plaintiff, and engaging in conduct prejudicial to the effective and expeditious administration of the fairness of the court. All these actions, Plaintiff asserts, have reasonably put both judges' impartiality into question.

#### a. Legal Standard

The Court construes this as a motion brought pursuant to 28 U.S.C. §§ 144 and 455. Section

---

[1] Plaintiff filed another objection on January 19, 2023. ECF No. 27. The Court does not consider this Objection because it was untimely filed.

144 states in pertinent part: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Under § 144, the determination of the sufficiency of facts and reasons given in an affidavit of bias or prejudice must be made by the judge to whom the affidavit is presented. See United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978); Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968). The judge must accept the truth of the factual assertions in the affidavit and determine only whether the affidavit is legally sufficient. See Azhocar, 581 F.2d at 739. Additionally, under 28 U.S.C. § 455, a judge shall disqualify himself "in any proceeding in which [the judge's] impartiality might reasonably be questioned" and "[w]here [the judge] has a personal bias or prejudice concerning a party."

Under 28 U.S.C. §§ 144 and 455, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (brackets and internal quotation marks omitted).

### b. Discussion

Plaintiff has not asserted legally sufficient detail in any affidavit or motion to establish any bias on the part of the undersigned. The Court construes Plaintiff's motion as taking issue with the Court for not serving the amended complaint on the defendants named in the amended complaint pursuant to 28 U.S.C. §1915(d). See Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990). Contrary to Plaintiff's suggestions, however, the Court has not improperly refused to serve the defendants in this action. Rather, 28 U.S.C. § 1915(e)(2) allows a court to screen and dismiss an in forma pauperis plaintiff's complaint "at any time if the court determines . . . [that] the action . . . fails to state a claim on which relief may be granted." Here, the Magistrate Judge's February 2021 Order directed the Clerk of the Court to refrain from issuing summons on the amended complaint, if, it was filed. Instead, the Court would issue a screening order on the amended complaint and address the issuance of summons at that time. Accordingly, neither these actions nor, as Plaintiff

contends, the Magistrate Judge's Report and Recommendation, recommending dismissal of the amended complaint, constitute improper ex parte communication warranting recusal. Separately, Plaintiff's motion contends that, contrary to the Court's screening order, the FAC indeed states plausible claims for relief. Allegations of bias and prejudice based on adverse rulings, however, do not constitute a sufficient basis for recusal. United States v. McTiernan, 695 F.3d 882, 893 (9th Cir. 2012) (A "judge's prior adverse ruling is not sufficient cause for recusal."); Azhocar, 581 F.2d at 739 (noting adverse rulings do not constitute the requisite bias or prejudice required to recuse a judge). Therefore, the request for recusal is denied.[2]

### IV. REPORT AND RECOMMENDATION

The Court now address the Magistrate Judge's Report and Recommendation.

#### a. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3–2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3–2(b).

#### b. Discussion

In this case, the Magistrate Judge's Report and Recommendation recommends dismissing Plaintiff's FAC. The Magistrate Judge concluded that the FAC failed to state any claims for relief. As it relates to Plaintiff's claim against the Las Vegas Metropolitan Police Department ("LVMPD") and the City of Las Vegas for violation of the U.S. Constitution, the Magistrate Judge

---

[2] Plaintiff's motion for recusal additionally asks the Court: to fast track this litigation because Plaintiff has stage four prostate cancer, to remove the action to San Francisco, and to provide Plaintiff with hard copies of the court records concerning this action. The Court, however, finds that these requests violate the local rules and therefore does not consider them. "All motions—unless made during a hearing or trial—must be in writing and served on all other parties who have appeared. The motion must be supported by a memorandum of points and authorities." Local Rule 7-2(a). Moreover, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Local Rule IC 2-2(b).

determined that, in the absence of naming individual LVMPD officers, Plaintiff has failed to allege any facts pursuant to a Section 1983 municipal liability claim that either LVMPD or the City of Las Vegas has a policy or custom that is the moving force behind the alleged constitutional violations in his FAC.[3] The Magistrate Judge also concluded that Plaintiff's fraud claim against Bruce Lee failed because Plaintiff did not satisfy the specific pleading requirements for fraud pursuant to Federal Rule of Civil Procedure Rule 9, including what specific damages the fraud caused him or who was involved in committing the fraud. Finally, the Magistrate Judge found that the FAC failed to state a plausible claim for breach of contract.

Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation on March 7, 2022. The one page, Objection states that "Plaintiff has filed a Complaint with the Nevada Commission on Judicial Discipline. Plaintiff alleges that this Court has knowingly committed the act of illegal ex parte Communication. The Courts copy of that Complaint will arrive in a separate mailing. Plaintiff cannot be a part of illegal ex part communication." ECF No. 22 at 1. For the reasons discussed above, the Court rejects Plaintiff's specious accusation that it or the Magistrate Judge have engaged in any inappropriate communication concerning this action. Furthermore, the Objection is not responsive to the grounds upon which the Magistrate Judge recommends dismissing Plaintiff's FAC.

The Court agrees with the Magistrate Judge's Report and Recommendation to dismiss the FAC. The Court will, however, provide Plaintiff with one final opportunity to file an amended complaint addressing the deficiencies noted in the Magistrate Judge's Report and Recommendation. Plaintiff shall file an amended complaint by March 13, 2023.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that the REPORT AND RECOMMENDATION (ECF

---

[3] The Court notes that municipal liability claims may also be based on "acts of omission, when such omissions amount to the local government's own official policy." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016). Additionally, "a local government may be held [municipally] liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." Id. at 1250 (internal quotation marks omitted).

No. 19) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff Cleophas White's MOTION to Recuse Judge Richard F. Boulware, II (ECF No. 23) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint addressing the deficiencies noted in the Magistrate Judge's Report and Recommendation by March 13, 2023. Failure to timely file an amended complaint that addresses the issues noted in the Report and Recommendation shall result in dismissal with prejudice.

**DATED:** February 13, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**